UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x   Index No.: 13-cv-6042 (JG)(JO)
TROY WARREN,

                                                               **AMENDED COMPLAINT**

                          Plaintiff,

                                                               **DEMAND FOR JURY TRIAL**

    -against-

THE CITY OF NEW YORK,
Sgt Thomas Gagliardi, P.O. Jason Broderick
and Sgt Amy Morin, all of the PSA2 Precinct,

                             Defendants.
-------------------------------------------------------------x

      TROY WARREN, by her attorney, Chidi Eze, Esq., complaining of The City of New York, Police Sergeant Thomas Gagliardi, P.O. Jason Broderick and Sgt Amy Morin, upon information and belief, alleges as follows:

## JURISDICTION

      1.    This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985], and arising under the laws and statutes of the State of New York and the City of New York.

      2.    Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color

of statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983.

3. Venue is proper because the acts complained of herein occurred in Brooklyn, City and State of New York, which is within the Eastern District of New York.

## PARTIES

4. During all times relevant and material to this Complaint, Plaintiff was, and still is, a citizen of the United States, residing in Brooklyn, City & State of New York.

5. During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6. During all times relevant and material to this case, the defendant Police Officers were employees of Defendant City of New York through its Police Department, employed at the PSA2 (NYPD Housing Bureau) Precinct.

7. During all times relevant and material to this case, the actions of the individual Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of Defendants City of New York and New York Police Department (hereinafter NYPD), and Defendants City of New York is as such responsible for the individual Defendants' actions. Defendant City of New York is further responsible for the actions of the individual Defendants under the principal agent/*respondeat superior* rule.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. On September 15, 2012, at approximately 8:20 p.m., at 205 Albany Avenue, Brooklyn New York, being a private apartment building, plaintiff was walking up the stairs to visit with his family members who live in that building, when he was accosted by the defendant police officers on the stairwell of said building.

9. Upon running into plaintiff on the stairs, the defendant police officers requested identification from plaintiff which plaintiff duly obliged. Upon reviewing plaintiff's identification, the officers started to forcefully ransack plaintiff body and clothing, including squeezing his private parts. When plaintiff protested this illegal searching, all three officers attacked plaintiff, pushing him to the wall and twisting his hands behind his back.

10. At this point, plaintiff became confused and questioned his treatment, however, that seemed to have further annoyed the officers, who then starting to beat plaintiff all over his body, including punching and slamming his head against the wall of the stairwell. Plaintiff was then taken to the lobby of the building, while handcuffed behind his back. And at the lobby, in full view of several witnesses, these officers continued to drag, kick and punch plaintiff all over his body, causing him to bleed profusely from all over his body, especially from in his mouth.

11. After the beating in the lobby, plaintiff was dragged to a waiting police vehicle, from where he was transported PSA2 Housing Precinct located on Sutter Avenue in Brooklyn.

12. While in PSA 2, an ambulance was called to take plaintiff to Kings County Hospital for emergency treatment. At Kings County Hospital, plaintiff was diagnosed with multiples abrasions and contusions, cuts and lacerations to his wrists, face and head. Plaintiff was further diagnosed with type 1 dental fracture. Plaintiff was given medications for his pain and dental fracture, then released back to the care of the police officers after several hours at the Hospital.

13. Plaintiff left the Hospital at approximately 11 am on September 16, 2012, and was taken back to PSA 2 Precinct. From PSA 2, plaintiff was taken to Kings County Central Bookings located at 120 Schermerhorn Street, in Brooklyn.

14. Upon appearing for arraignment on September 16, 2012 at approximately 11 pm., plaintiff was released on his own recognizance and allowed to go home. Plaintiff was charged with; 1) Criminal Possession of Marijuana in the Fifth Degree; 2) Unlawful Possession of Marijuana; 3) Resisting Arrest; and 4) Obstruction of Governmental Administration in the Second Degree.

15. Defendants continued to prosecute plaintiff from September 16, 2012 to October 7, 2013, when he accepted ACD.

16. As set forth hereinabove, plaintiff was deliberately and sadistically brutalized for no legitimate reason. As a direct and proximate result of defendants' actions, plaintiff was deprived of his due process rights, remedies, privileges, and immunities under the Fourth,

Fifth, Eight, and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

17. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer serious physical and emotional injuries, including but not limited to, fractured dentures, cuts, lacerations and bruises all over his body, emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of her body.

18. The illegal and unlawful arrest of plaintiff, the brutality to which he was subjected, his wrongful imprisonment, particularly in light of the fact that the defendants had full knowledge of, or should have had full knowledge that plaintiff did not commit any crime, were intentional, malicious, reckless and in bad faith.

19. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer physical scarring, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which are permanent.

20. In light of the foregoing, plaintiff has been damaged by the actions of the City of New York and its agents, was publicly humiliated, was battered and assaulted in public, was arrested and imprisoned for over 26 hours without probable cause, lost respect and dignity before friends and family, suffered and continues to suffer severe mental anguish, reputation injuries, psychological and emotional distress, some or all of which are be permanent.

21. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

      The conduct of the defendant officers complained of herein were beyond the scope of their jurisdiction, without legal authority, and in abuse of their authority. Accordingly, plaintiff has been damaged by the actions of the City of New York and its agents and therefore, seeks compensation as a result.

22.    Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline offending police officers, including the defendants in this case, and knowingly concealed the violations of the constitutional rights of citizens by police officers, thereby causing and encouraging police officers including the defendants in this case, to engage in these unlawful conducts.

## AND AS FOR A FIRST CAUSE OF ACTION

23.    Plaintiff repeats and re-alleges paragraphs 1 through 22 as if each paragraph is repeated verbatim herein.

24.    The defendant police officers arrested and imprisoned Plaintiff without probable cause, without a warrant and with malice and intentional disregard for his constitutional rights. The Defendants, acting under color of State Law, violated Plaintiff's right to be free from unreasonable seizures, secured to him under the Fourth and Fourteenth Amendments to the Constitution, and his right not to be deprived of liberty without due process of law, secured under the Fifth and Fourteenth Amendments.  By denying Plaintiff's Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983. In addition, the defendant officers conspire to deny plaintiff his Constitutional rights

        secured to him by 42 U.S.C. §1983 [1985], and took several overt steps in furtherance of the conspiracy as set forth above.

25.    As a result of the seizure of his person, Plaintiff was denied his freedom and liberty and suffered emotional and mental distress thereof. Plaintiff seeks compensatory damages in the amount of $2,000,000. In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $800,000 in punitive damages.

## AND AS FOR A SECOND CAUSE OF ACTION

26.    Plaintiff repeats and re-alleges paragraphs 1 through 25 as if each paragraph is repeated verbatim herein.

27.    In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff for approximately 27 hours without probable cause, deprived him of his rights, remedies, privileges, and immunities guaranteed by said law. In addition, the defendant officers conspire to deny plaintiff his Constitutional rights secured to him by Article 1 Section 12 of the New York State Constitution, and took several overt steps in furtherance of the conspiracy as set forth above.

28.    Plaintiff was denied his freedom and liberty, and therefore suffered emotional and mental distress as a result. Plaintiff seeks compensatory damages in the amount of $2,000,000 for the violation of his rights under State and Common Laws and for emotional and mental distress. In addition, because the defendant police officers acted with malice and

intentional disregard for his Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $800,000 in punitive damages.

### AND AS FOR A THIRD CAUSE OF ACTION

29. Plaintiff repeats and re-alleges paragraphs 1 through 28 as if each paragraph is repeated verbatim herein.

30. Defendant Officers brutally and savagely attacked, assaulted and battered Plaintiff, and perversely applied handcuffs on him in a way that caused serious injuries to him, subjected him to ridicule and inhumane treatment, subjected him to unwarranted body cavity search, repeatedly struck and stamped upon him for no just cause. These actions were carried out maliciously and sadistically for the very purpose of causing harm and not in good faith to maintain or restore order, in violation of Plaintiff's 4th, 5th, 8th, and 14th Amendment rights to be free from inhumane treatment, unreasonable, and unnecessary and wanton use of force. By these actions, the defendant officers conspire to deny plaintiff his Constitutional rights secured to him by 42 U.S.C. §1983 [1985], and took several overt steps in furtherance of the conspiracy as set forth above.

31. As a result of said actions, Plaintiff seeks compensatory damages in the amount of $2,000,000. In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $800,000 in punitive damages.

### AND AS FOR A FOURTH CAUSE OF ACTION

32. Plaintiff repeats and re-alleges paragraphs 1 through 31 as if each paragraph is

repeated verbatim herein.

33. The defendants assaulted and battered plaintiff and used unreasonable force to secure plaintiff in violation of New York State common law. Further, the defendant police officers brutally and savagely molested plaintiff, subjected him to ridicule and inhumane treatment, subjected him to unwarranted body cavity search, repeatedly struck and stamped on him for no just cause. Still further, the defendants were negligent in inflicting several and severe injuries upon plaintiff in violation of New York State common law and as such plaintiff seeks compensatory damages in the amount of $2,000,000 and punitive damages in the amount of $800,000.

### AND AS FOR A FIFTH CAUSE OF ACTION

34. Plaintiff repeats and re-alleges paragraphs 1 through 33 as if each paragraph is repeated verbatim herein.

35. The defendant police officers were acting as agents of the City of New York when they carried out the actions complained of herein. The defendant Police Officers' violations of Plaintiff's Constitutional and Federal Law rights as complained of herein were carried out under the unlawful and injurious policies, customs, and practices of the City of New York and its Police Department Therefore, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages Plaintiff sustained herein.

36. Plaintiff seeks compensatory damages in the amount of $2,000,000 for the

violation of these rights, resulting in physical, emotional and mental injuries. In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $800,000 in punitive damages against the individual officers jointly and severally.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

i. $2,000,000 in compensatory damages against all the defendants, jointly and severally;

ii. $800,000 in punitive damages against the individual defendant police officers, jointly and severally;

iii. attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

iv. such other relief as the Court may deem just, proper and equitable.

Dated: Brooklyn, New York
March 19, 2014

By:   /s/
CHIDI EZE
Attorney for Plaintiff
255 Livingston Street, 3rd Floor
Brooklyn, NY 11217
(718) 643-8800

Thomas Gagliardi, 1 Police Plaza, Room 1100, New York NY 10038
Jason Broderick, PSA2, 560 Sutter Avenue, Brooklyn, NY 11207
Sgt Amy Morin, IAB, 315 Hudson Street, Room 10, New York NY 10013